IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

MARY BETH HENDERSON, )
)
         **Plaintiff,** )
)
v. ) Case No. CIV–21–229–JAR
)
KILO KIJAKAZI, )
**Acting Commissioner of the** )
**Social Security Administration,** )
)
         **Defendant.** )

## OPINION AND ORDER

Plaintiff Mary Beth Henderson (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the finding of this Court that the Commissioner's decision should be **REVERSED** and the case **REMANDED** with instructions for Defendant to award benefits.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment[.]" 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if [her] physical or mental impairment or impairments are of such severity that [she] is not only

unable to do [her] previous work but cannot, considering [her] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy[.]" 42 U.S.C. § 423 (d)(2)(A). Social security regulations implement a five-step sequential process to evaluate a disability claim. *See* 20 C.F.R. §§ 404.1520, 416.920.[1]

Section 405(g) limits the scope of judicial review of the Commissioner's decision to two inquiries: whether the decision was supported by substantial evidence and whether correct legal standards were applied. *See Hawkins v. Chater*, 113 F.3d 1162, 1164 (10th Cir. 1997). Substantial evidence is "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *see also Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996). The Court may not reweigh the evidence or substitute its discretion for the

---

[1] Step one requires the claimant to establish that she is not engaged in substantial gainful activity. Step two requires the claimant to establish that she has a medically severe impairment (or combination of impairments) that significantly limits her ability to do basic work activities. If the claimant *is* engaged in substantial gainful activity, or her impairment *is not* medically severe, disability benefits are denied. If she *does* have a medically severe impairment, it is measured at step three against the listed impairments in 20 C.F.R. Part 404, Subpt. P, App. 1. If the claimant has a listed (or "medically equivalent") impairment, she is regarded as disabled and awarded benefits without further inquiry. Otherwise, the evaluation proceeds to step four, where the claimant must show that she lacks the residual functional capacity ("RFC") to return to her past relevant work. At step five, the burden shifts to the Commissioner to show there is significant work in the national economy that the claimant *can* perform, given her age, education, work experience, and RFC. Disability benefits are denied if the claimant can return to any of her past relevant work or if her RFC does not preclude alternative work. *See generally Williams v. Bowen*, 844 F.2d 748, 750–51 (10th Cir. 1988).

Commissioner's. *See Casias v. Sec'y of Health & Hum. Servs.*, 933 F.2d 799, 800 (10th Cir. 1991). But the Court must review the record as a whole, and "[t]he substantiality of evidence must take into account whatever in the record fairly detracts from its weight." *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951); *see also Casias*, 933 F.2d at 800–01.

## Claimant's Background

The claimant was sixty-three years old at the time of the administrative hearing. (Tr. 523, 582).  She possesses at least a high school education. (Tr. 38). She has previously worked as an activity director and administrative clerk. (Tr. 537). On her initial application filed on October 21, 2013, Claimant alleged that she had been unable to work since September 16, 2013, due to limitations resulting from osteoarthritis, osteoporosis, congestive heart failure, obesity, high blood pressure, hypothyroidism, spurs in her feet, depression, and migraines. (Tr. 158). Claimant filed an additional application on July 21, 2017 in which she alleged that she has been unable to work since May 31, 2017, due to limitations resulting Rheumatoid arthritis, diabetes, migraines, shingles, deep vein thrombosis of her left leg, pulmonary embolism of her right lung, osteoporosis, osteoarthritis, and tachycardia. (Tr. 657).[2]

## Procedural History

On October 21, 2013, Claimant protectively filed for disability insurance benefits under Title II (42 U.S.C. § 401, et seq.) of the Social Security Act.  After

---

[2] Although the date of disability differs on each of Claimant's applications, the Appeals Council on remand consolidated both applications into one claim. (Tr. 651).

an administrative hearing, Administrative Law Judge Larry D. Shepherd ("ALJ") issued an unfavorable decision on February 26, 2016. The Appeals Council denied review, so the ALJ's written opinion was the Commissioner's final decision. *See* 20 C.F.R. § 416.1481. Claimant appealed the 2013 application to this Court. This Court found that the ALJ's opinion was not supported by substantial evidence and thus reversed and remanded the decision of the Commissioner for further proceedings on September 26, 2018. Prior to this Court's initial decision, Claimant again protectively filed for disability insurance benefits under Title II (42 U.S.C. § 401, et seq.) of the Social Security Act on July 21, 2017. Based on this application, Claimant was found to be disabled as of May 31, 2017. On remand of Claimant's 2013 claim, the Appeals Council, on November 14, 2018, ordered the ALJ to consolidate the claim files. After multiple administrative hearings, the ALJ issued an unfavorable decision on June 4, 2021. Appeals Council denied review, so the ALJ's written opinion is the Commissioner's final decision for purposes of this appeal. *See* 20 C.F.R. § 416.1481.

## Decision of the Administrative Law Judge

The ALJ made his decision at step four of the sequential evaluation. He determined that while Claimant suffered from severe impairments, she retained the residual functional capacity ("RFC") to perform her past relevant work as an activity director and administrative clerk.

## Error Alleged for Review

Claimant asserts the ALJ committed error in improperly considering the

4

medical opinion evidence.[3]

## Consideration of Medical Opinions

In his decision, the ALJ found Claimant suffered from severe impairments of degenerative disc disease, obesity, rheumatoid arthritis, congestive heart failure, hypertension, osteoarthritis of the knees, history of deep vein thrombosis and pulmonary embolism, thyromegaly, diabetes mellitus, and history of mitral valve dysfunction. (Tr. 526). He determined that Claimant had the residual functional capacity to lift and carry twenty pounds occasionally and ten pounds frequently. Further Claimant could sit or stand and walk for about six hours of an eight-hour workday. He found that Claimant can occasionally climb ramps/stairs, but cannot climb ladder, ropes, or scaffolds. The RFC also stated that Claimant can occasionally balance, stoop, kneel, crouch, crawl, and reach overhead. Claimant was limited in that she is to avoid all exposure to hazards such as unprotected heights and heavy machinery. (Tr. 529).

After consultation with a vocational expert ("VE"), the ALJ determined Claimant could perform her past relevant work of activity director and administrative clerk. (Tr. 537). As a result, the ALJ concluded Claimant had not been under a disability from the time of the alleged onset date, September 16, 2013, through the date last insured, March 31, 2018. (Tr. 538).

---

[3] Claimant raises an additional argument that the decisions of the ALJ and Appeals Council are constitutionally defective as they both derive their authority from the Commissioner who is not constitutionally appointed. Although Claimant raises this issue in her opening brief, she later waives this argument in her reply. As such, this Court will consider the only the remaining issue of the consideration of medical opinions.

Claimant first contends that the ALJ did not properly discuss and consider the medical evidence of Claimant's treating physician, Dr. Richard Helton. Specifically, Claimant points out that the ALJ's analysis of Dr. Helton's opinion was only modified slightly despite this Court's order to reanalyze Dr. Helton's opinion.

The medical opinions of treating physicians are entitled to controlling weight if they are "'well-supported by medically acceptable clinical and laboratory diagnostic techniques [and] consistent with other substantial evidence in the record.'" *See Langley v. Barnhart*, 373 F.3d 1116, 1119 (10th Cir. 2004)(quoting *Watkins v. Barnhart*, 350 F.3d 1297, 1300 (10th Cir. 2003)). When a treating physician's opinion is not entitled to controlling weight, the ALJ must nevertheless determine the proper weight to give it by analyzing the factors set forth in 20 C.F.R. §§ 404.1527, 416.927. *Id.* at 1119 ("Even if a treating physician's opinion is not entitled to controlling weight, '[t]reating source medical opinions are still entitled to deference and must be weighed using all of the factors provided in §[§] 404.1527 [, 416.927].' ") (quoting *Watkins*, 350 F.3d at 1300). The factors are: (i) the length of the treatment relationship and the frequency of examination; (ii) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (iii) the degree to which the physician's opinion is supported by relevant evidence; (iv) consistency between the opinion and the record as a whole; (v) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (vi) other factors brought to the ALJ's attention which tend to

support or contradict the opinion. *Watkins*, 350 F.3d at 1300–01 (citing *Drapeau v. Massanari*, 255 F.3d 1211, 1213 (10th Cir. 2001)). Finally, if the ALJ decides to reject a treating physician's opinion entirely, "he must ... give specific, legitimate reasons for doing so[,]" *Id.* at 1301 (quotations omitted]). In sum, it must be "clear to any subsequent reviewers the weight the [ALJ] gave to the treating source's medical opinion and the reasons for that weight." *Id.* at 1300 (citing Soc. Sec. Rul. 96–2p, 1996 WL 374188, at *5 (July 2, 1996)).

In this Court's previous Order, this Court found the following in regard to the ALJ's analysis of Dr. Helton's opinion:

> The ALJ was required to evaluate for controlling weight Dr. Helton's opinions as to the claimant's functional limitations. Dr. Helton's MSS contained functional limitations that the ALJ rejected, in part, because he found the medical record reflected that the claimant had full range of motion in her upper and lower extremities and experienced no decreased sensation (Tr. 24). In making such findings, however, the ALJ overlooked substantial evidence related to the claimant's knees and neck, including Dr. Cortner's consultative findings of bilateral knee crepitus and the presence of a painful nodule on her left leg, her consistent reports of neck pain radiating into her left shoulder despite taking pain medication, Dr. Cortner's finding of cervical spine tenderness, Dr. Phillips' finding of cervical spine tenderness, and Ms. Brooks findings that the claimant had limited range of motion in all directions in her cervical spine (Tr. 245, 314, 334, 342–47, 406–15). This is clearly relevant because the claimant's knee and neck impairments have a direct effect on her ability to lift, carry, stand, walk, and sit. Thus, the ALJ erred by failing to discuss *all* of the evidence related to the claimant's impairments and citing only evidence favorable to his finding of non-disability. *See Haga v. Astrue*, 482 F.3d 1205, 1208 (10th Cir. 2007) ("An ALJ is not entitled to pick and choose through an uncontradicted medical opinion, taking only the parts that are favorable to a finding of nondisability."), *citing Robinson v. Barnhart*, 366 F.3d 1078, 1083 (10th Cir. 2004) and *Hamlin v. Barnhart*, 365 F.3d 1208, 1219 (10th Cir. 2004).

Despite these instructions, the ALJ nonetheless implanted his previous analysis of Dr. Horton from his February 2016 opinion almost verbatim into his June 2021 opinion. The ALJ added only the following: "Finally, it must be noted that Dr. Helton's opinions are at great odds with those of Dr. Krishnamurthi, who had the opportunity to review all of the evidence of record." In doing this, the ALJ blatantly disregarded this Court's directions to consider all the evidence, including that favorable and unfavorable to Claimant, when making his determination on Dr. Helton's opinion. The assertion that Dr. Helton's opinion differs from Dr. Krishnamurthi adds little value as to why the opinion of Dr. Helton, the claimant's treating physician of over fifteen years, was not given controlling weight. This Court finds the ALJ did not properly consider Dr. Helton's opinion.

Claimant additionally asserts that the other medical opinions in the record were not properly considered by the ALJ. Given the deficiency in the ALJ's analysis of Dr. Helton's opinion, further discussion of these opinions is unnecessary.

## Relief

This Court recognizes that Claimant's case has been remanded by this Court previously and that Claimant was later found to be disabled in a subsequent application. On remand, the ALJ failed to follow the standards which were specifically articulated to him by the Court. Although the award of benefits is a matter of discretion, the Court should consider two factors. *Salazar v. Barnhart*, 468 F.3d. 615, 626 (10th Cir. 2006) (citing *Ragland v. Shalala*, 992

F.2d 1056, 1060 (10th Cir.1993)). The Court should consider not only the "length of time the matter has been pending," but also whether remand " 'would serve [any] useful purpose [or] would merely delay the receipt of benefits.'" *Id.* (quoting *Harris v. Sec'y of Health & Hum. Servs.*, 821 F.2d 541, 545 (10th Cir.1987))(citation omitted). Claimant initially filed for disability on October 21, 2013, almost nine years ago. It is clear, as the ALJ has failed to follow the instructions of this Court that further remand would be futile. Given the ALJ's refusal to follow the established standards and the length of time this case has been pending, this Court finds that the correct remedy is to remand this case with instructions for Defendant to award benefits.

## Conclusion

The decision of the Commissioner is not supported by substantial evidence and the correct legal standards were not applied. Therefore, the Magistrate Judge finds for the above and foregoing reasons, the ruling of the Commissioner of Social Security Administration should be **REVERSED** and the case **REMANDED** with instructions for Defendant to award benefits.

**DATED** this 30th day of September, 2022.

_____
**JASON A. ROBERTSON**
**UNITED STATES MAGISTRATE JUDGE**